IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MANNARINO, ) | CASE NO. 1:15 CV 117 |
| ) | |
| Petitioner, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | WILLIAM H. BAUGHMAN, JR. |
| BENNIE KELLY, ) | |
| ) | |
| Respondent. ) | **REPORT & RECOMMENDATION** |

Before me by referral[1] in connection with Christopher Mannarino's petition for a writ of habeas corpus under 28 U.S.C. § 2254[2] is a motion by respondent Warden Bennie Kelley to dismiss the petition as unexhausted.[3] Mannarino has responded by seeking to delete the unexhausted claim from his petition.[4] The Warden has not replied to Mannarino's response.

The claim at issue here is a portion of the second ground for relief raised in the petition, which argues that Mannarino's trial counsel was ineffective for not stating on the record at the sentencing hearing that Mannarino was promised favorable consideration and a lesser sentence in exchange for his guilty plea and ongoing cooperation with the

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Donald C. Nugent in a non-document order entered on January 23, 2015.

[2] ECF # 1.

[3] ECF # 7.

[4] ECF # 8.

investigation.[5] Mannarino now concedes that this claim is unexhausted and that its retention in the petition jeopardizes consideration of his claim for habeas relief, but maintains, on the authority of *Rhines v. Weber*,[6] that he should be allowed to delete the unexhausted claim of ground two, which would allow the Court to review the remaining, exhausted claims.[7]

Indeed, the Supreme Court in *Rhines* specifically observed that if a petitioner, as here, presents the federal habeas court with a mixed petition consisting of both exhausted and unexhausted claims, and further that stay and abatement is not appropriate, then "the court [could] allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."[8]

In this case, Mannarino would still have the ability to present this claim to the Ohio court as a delayed post-conviction petition involving evidence outside the record, although obtaining such relief here is, as the Warden notes, "unlikely."[9] That judgment by the Warden

---

[5] *Id.* at 1. Mannarino was convicted of multiple counts of possessing child pornography and of sharing it on a peer-to-peer network. The investigation concerned the extent of that network and identity of those with whom Mannarino had shared these materials.

[6] *Rhines v. Weber*, 544 U.S. 269 (2005).

[7] ECF # 8 at 1-2.

[8] *Rhines*, 544 U.S. at 269.

[9] ECF # 7 at 11-13.

is at least part of the reason why he does not favor stay and abatement in this case but rather seeks dismissal of the entire petition.[10]

While the Warden's analysis concerning the actual difficulty of obtaining review of this claim in the Ohio courts is persuasive as to why he does not recommend stay and abatement, it is incomplete as to why he recommends dismissal as the only available alternative. As noted above, deletion of this portion of ground two under these circumstances is explicitly sanctioned by the Supreme Court and has not been opposed by the Warden.

Accordingly, I recommend first that Mannarino be deemed to have deleted this portion of ground two from his claims for federal habeas relief[11] and then that the Warden's motion to dismiss Mannarino's petition[12] be denied.

Dated: April 13, 2015                          s/ William H. Baughman, Jr.
                                               United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[13]

---

[10] *Id.*

[11] ECF # 8.

[12] ECF # 7.

[13] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).