IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MANNARINO, | ) | CASE NO. 1:15 CV 117 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BENNIE KELLY, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Christopher Mannarino for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Mannarino is currently incarcerated by the State of Ohio at the Grafton Correctional Institution.[3] He is serving an aggregate prison term of 15 years imposed in 2012 by the Cuyahoga County Court of Common Pleas after accepting Mannarino's guilty plea to the charges of pandering sexually-oriented matter involving a minor, illegal use of minor in nudity-oriented material or performance, and possessing criminal tools.[4] Mannarino was also adjudicated as a Tier II sex offender.[5]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Donald C. Nugent by non-document order dated January 23, 2015.

[2] ECF # 1; *see* 28 U.S.C. 2254 (2012).

[3] Ohio Department of Corrections www.drc.ohio.gov/offendersearch.

[4] ECF # 7, Attachment 2 at 121.

[5] *Id.* at 122.

In his petition, Mannarino raises three grounds for habeas relief.[6] On February 10, 2014, respondent filed a motion to dismiss[7] the petition on the basis that the petitioner had not exhausted one of his ineffective assistance of trial counsel claims in the Ohio courts.[8] Alternatively, respondent requested that the claim be deleted. Mannarino filed a response[9] agreeing to delete the claim.  On May 13, 2015, I denied respondent's motion to dismiss, dismissing without prejudice at portion of Ground Two relating to Mannarino's claim that trial counsel was ineffective for not stating on the record at the sentencing hearing that he was promised favorable consideration and a lesser sentence in exchange for his guilty plea and ongoing cooperation with the investigation.[10] The State, in its return of the writ contends that the grounds one, and three are procedurally defaulted and ground two should be determined on the merits.[11] Mannarino has filed a traverse.[12]

For the reasons that follow, I will recommend Mannarino's's petition be dismissed in part and denied in part as is more fully set forth below.

---

[6] ECF # 1.

[7] ECF # 7.

[8] *Id.*

[9] ECF # 8.

[10] ECF #11.

[11] ECF # 10.

[12] ECF # 15.

# Facts

## A.      Underlying facts, conviction, and sentence

The relevant facts found by the Ohio appeals court emerge from its review of the record.[13]

In November 2011, Mannarino was indicted on 139 counts involving child pornography, including 14 counts of pandering sexually-oriented matter involving a minor in violation of R.C. 2907.322(A)(2); 101 counts of pandering sexually-oriented matter in violation of R.C. 2907.322(A)(1); 23 counts of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323 (A)(1); and one count of possessing criminal tools in violation of R.C. 2923.24(A).[14] All counts carried forfeiture specifications.[15]

In May, 2012, Mannarino withdrew his former plea of not guilty and pleaded guilty to a total of 117 counts: 14 counts of pandering sexually-oriented matter involving a minor in violation of R.C. 2907.322(A)(2); 101 counts of pandering sexually-oriented matter involving a minor in violation of R.C. 2907.322(A)(1); one count of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1); and one count of possessing criminal tools.[16]   As part of his plea, Mannarino agreed that the 117

---

[13] ECF # 7, Attachment 2 at 240.

[14] *Id.*

[15] *Id.*

[16] *Id.*

offenses to which he pleaded guilty to were not allied offenses of similar import.[17] Mannarino also agreed to forfeit his computer, CD's, DVD's thumb drive, and cell phone.[18] The remaining 22 counts of illegal use of a minor in nudity-oriented material or performance were dismissed.[19]

The trial court sentenced Mannarino to 5 years for each of the 14 counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322 (A)(2) (Counts 11 to 24); 5 years for each of the 101 counts of pandering sexually-oriented matter involving a minor in violation of R.C. 2907.322(A)(1) (Counts 26 to 126); 5 years for the one count of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323 (A)(1) (Count 25), and one year for possessing criminal tools in violation of R.C. 2923.24(A) (Count 149).[20] The trial court ordered that counts 11, 17, and 26 be served consecutive to each other, but concurrent to all other counts, for an aggregate term of 15 years in prison. The trial court also ordered that Mannarino forfeit the items specified in his plea agreement, and further notified Mannarino that he would be subject to a mandatory term of five years of post release control and be labeled a Tier II sex offender.

---

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.* at 241.

**B.      Direct appeal**

*1.      Ohio Court of Appeals*

Mannarino, through counsel,[21] filed a timely[22] notice of appeal[23] with the Ohio Court

of Appeals.  In his brief, Mannarino raised the following six (6) assignments of error:[24]

1.      The sentence imposed by the trial court is contrary to law as the trial
court imposed consecutive sentences on appellant prior to making any
of the findings required by R.C. 2929.14(C)(4) and/or by failing to
make all of the findings required by R.C. 2929.14 (C)(4). (Tr, pp.100-
102).

2.      The record does not support the sentencing court's findings under
division (C)(4) of R.C. 2929.14 and, as such, the sentence herein is
contrary to law. (Tr, pp. 50-109).

3.      The trial court erred to the prejudice of appellant by failing to explain
to appellant the effect of his guilty pleas pursuant to Crim.R.
11(C)(2)(b). (Tr, pp. 8-19).

4.      The trial court erred to the prejudice of appellant by imposing
individual and consecutive sentences for counts eleven (11) and twenty-
six (26) without obtaining a specific stipulation to a separate animus or
separate acts as to said counts and/or without engaging in a factual
inquiry to determine whether counts 11 and 26 were allied offenses of
similar import, in violation of appellant's right to be free from multiple

---

[21] Mannarino was represented by counsel, Larry W. Zuckerman and S. Michael Lear
in his appeals to the Ohio Court of Appeals and the Ohio Supreme Court.

[22] Under Ohio App. R. 4(A), to be timely, a party must file a notice of appeal within
30 days of the judgment being appealed.  See , *Smith v. Konteh*, No. 3:04CV7456, 2007 WL
171978, at *2 (N.D. Ohio Jan.18, 2007) (unreported case). Mannarino's conviction and
sentence were journalized on July 3, 2012. *(Id.* at 123), and his appeal to the Ohio court of
appeals was filed on July 27, 2012.

[23] *Id.* at 125.

[24] *Id*. at 134.

punishments for the same crime, as guaranteed by the Eighth Amendment to the United States Constitution and Article I, Section 9 of the Ohio Constitution and Appellant's right to be free from Double Jeopardy, as guaranteed by the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

5.    The performance of appellant's trial counsel was deficient and prejudiced appellant in such a way as to violate appellant's state and federal constitutional rights to effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

6.    The trial court abused its discretion and/or committed plain error by sentencing appellant to fifteen (15) years in prison, because the sentence was grossly disproportionate to that imposed for other, similar offenders.

The State filed a response to Mannarino's brief[25] and Mannarino filed a reply.[26]  On May 2, 2013, the Ohio Court of Appeals overruled Mannarino's assignments of error and affirmed the judgment of the trial court.[27]

---

[25] *Id.* at 189.

[26] *Id*. at 220.

[27] *Id.* at 237.

-6-

## 2. *Supreme Court of Ohio*

Mannarino, through counsel, filed a timely[28] notice of appeal[29] with the Ohio Supreme

Court. In his memorandum in support of jurisdiction, Mannarino raised the following five

(5) propositions of law:[30]

1. Pursuant to R.C. 2929.14 (C)(4), when imposing consecutive sentences, a trial court is required to make statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing to overcome the R.C. 2929.41(A) presumption favoring concurrent sentences.

2. The trial court must make all of the R.C. 2929.14 (C)(4) findings at the sentencing hearing prior to imposing consecutive sentences and the record must support such findings.

3. Trial and appellate courts can take judicial notice of sentences in other cases for purposes of determining whether a sentence is disproportionate or inconsistent with sentences imposed for similar crimes committed by similar offenders.

4. A complete failure to explain the effect of a guilty plea at a change of plea hearing does not implicate a prejudice analysis and requires that the defendant's plea be vacated.

5. Absent a stipulation as to separate animus, a trial court must determine whether offenses are allied offenses of similar import prior to imposing sentence and/or failing to advise a defendant of ramifications of a

---

[28] *See* Ohio S.Ct.Prac.R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *See*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case). Here, the appellate judgment was entered on May 2, 2013, and the notice of appeal filed in the Supreme Court on June 17, 2013.

[29] *Id.* at 268.

[30] *Id.* at 272.

"blanket" agreement that multiple counts are non-allied constitutes ineffective assistance of counsel.

On July 17, 2013, the State filed a memorandum in response.[31]  On October 23, 2013, the Ohio Supreme Court denied to accept jurisdiction of the appeal under S.Ct.Prac.R. 7.08(B)(4).[32]

## C.    Federal habeas corpus petition

On January 20, 2015, Mannarino, through different counsel, timely filed[33] a federal petition for habeas relief.[34] In his petition Mannarino raises three (3) grounds for relief:

GROUND ONE:    Imposition of consecutive sentence Counts 11,17 & 26 in violation of the Fifth and Fourteenth Amendments.

Supporting Facts:    These three counts of the indictment against Petitioner consisted of file sharing & possession of images which were the same. Therefore, these counts of the Indictment were allied offenses of similar import not subject to consecutive sentences.

GROUND TWO:    Ineffective assistance of counsel in violation of the Sixth & Fourteenth Amendments.

Supporting Facts:    Trial counsel failed to raise the issue of allied offenses of similar import and in fact, advised & permitted Petitioner

---

[31] *Id.* at 320.

[32] *Id.* at 336.

[33] The present petition for federal habeas relief was filed on January 20, 2015, ECF #1. As such, it was filed within the one year conclusion of direct appeal in the Ohio courts and so it is timely under 28 U.S.C. § 2254(d)(1) in that it includes the 90-day period during which the petitioner could have sought writ of certiorari from the United States Supreme Court.

[34] ECF # 1.

to waive said claim without advising Petitioner of the effect of such waiver. Therefore, the waiver was not voluntary & knowingly entered.

GROUND THREE: Sentence of 15 years in this case was in violation of the Eighth & Fourteenth Amendments.

Supporting Facts: The sentence imposed in light of the age of Petitioner with no prior record who had been participating in several treatment programs during the pendency of the case was excessive & grossly disproportionate to that imposed for other, similar offenders.

## Analysis

### A.   Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.   There is no dispute that Mannarino is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[35]

2.   There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[36]

3.   In addition, Mannarino states,[37] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[38]

---

[35] *See* 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[36] *See* 28 U.S.C. § 2254(d)(1); *Bronaugh v.Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[37] ECF # 1 at 3.

[38] *See* 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (2006).

-9-

4.      Moreover, subject to the procedural default arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[39]

5.      Finally, because Mannarino is represented by counsel, he has not requested the appointment of counsel,[40] he has requested an evidentiary hearing to develop the factual bases of his claims in his reply brief.[41]

## B.      Standards of review

### 1.      *AEDPA review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[42] codified at

28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas

corpus.[43]  Pursuant to AEDPA, a federal court shall not grant a habeas petition with respect

to any claim adjudicated on the merits in state court unless the state adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.[44]

---

[39] *See* 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[40] *See* 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[41] *See* 28 U.S.C. § 2254(e)(2), ECF # 15.

[42] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[43]  *See* 28 U.S.C. § 2254 (2012).

[44]  28 U.S.C. § 2254(d) (2012).

-10-

The Supreme Court teaches that this standard for review is indeed both "highly deferential" to state court determinations,[45] and "difficult to meet,"[46] thus, preventing petitioner and federal court alike "from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."[47]

a..      *"Contrary to" or "unreasonable application of" clearly established federal law*

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court holdings and does not include dicta.[48]  In this context, there are two ways that a state court decision can be "contrary to" clearly established federal law:[49] (1) in circumstances where the state court applies a rule that contradicts the governing law set forth in a Supreme Court case,[50] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[51]  A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not cite the Supreme Court.[52]  The state

---

[45] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

[46]  *Id.* (citation omitted).

[47] *Rencio v. Lett*, 559 U.S. 766, 779 (2010).

[48] *Howes v. Fields*, 132 S.Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[49]  *Brumfield v. Cain*, 135 S.Ct. 2269, 2293 (2015).

[50]  *Id.*

[51]  *Id.*

[52]  *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

-11-

court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[53]   Under the "contrary to" clause, if materially indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[54]   When no such Supreme Court holding exists the federal habeas court must deny the petition.

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it unreasonably to the facts of the petitioner's case.[55]   Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's application was objectively unreasonable.[56]   A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[57]   To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[58] Under the "unreasonable application" clause, the federal habeas court must

---

[53] *Id.*

[54] *See id.*

[55] *White v. Woodall*, 134 S.Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

[56] *Id.*(quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003).

[57] *Id.*

[58] *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

b.     *"Unreasonable determination" of the facts*

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[59]  Under § 2254(e)(1), "a determination of a factual issue made by a [s]tate court shall be presumed to be correct."[60] A federal court may not characterize a state court factual determination as unreasonable "merely because [it] would have reached a different conclusion in the first instance."[61] While such deference to state court determinations does not amount to an "abandonment or abdication of judicial review" or "by definition preclude relief,"[62] it is indeed a difficult standard to meet.  "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determination made on the scene by the trial judges."[63]

---

[59] *Brumfield*, 135 S.Ct. at 2277.

[60] 28 U.S.C. § 2254(e)(1) (2012).

[61] *Brumfield*, 135 S.Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010).

[62] *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

[63] *Davis v. Ayala*, 135 S.Ct. 2187, 2202 (2015) (citation omitted).

### 2.    *Procedural default*

A claim not adjudicated on the merits by a state court is not subject to AEDPA review.[64]  Such a claim is subject to procedural default if a petitioner failed to raise it when state court remedies were still available, the petitioner violated a state procedural rule.[65]  The petitioner must afford the state courts "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[66]  This requires a petitioner to go through "one complete round" of the state's appellate review process,[67] presenting his or her claim to "*each appropriate state court.*"[68]  A petitioner may not seek habeas relief then if he or she does not first "fairly present[] the substance of his [or her] federal habeas corpus claim to the state courts."[69]

When a state asserts a that violation of a state procedural rule is the basis for default in a federal habeas proceeding, the Sixth Circuit has long employed a four-part to test determine whether the claim is procedurally defaulted.[70]  A petitioner's violation of a state

---

[64] *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).

[65] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

[66] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citation omitted).

[67] *Boerckel*, 526 U.S. at 845.

[68] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).

[69] *West*, 790 F.3d at 697 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971) (internal quotation marks omitted).

[70]  *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test); *see Landrum v. Mitchell*, 625 F.3d 905, 916-17 (6th Cir. 2010) (applying test post-AEDPA).

-14-

procedural rule will bar federal review if the state procedural rule satisfies the standards set out in the test:[71]

(1) "[T]here must be a state procedure in place that the petitioner failed to follow."[72]

(2) "[T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default."[73]

(3) "[T]he state procedural rule must be an 'adequate and independent state ground,'[74] that is both 'firmly established and regularly followed.'"[75]

(4) The petitioner cannot demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[76]

In order to show "cause" for the default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[77]  In order to show "prejudice" for the default, the petitioner must show that the errors

---

[71] *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008).

[72] *Id.* (citing *Maupin*, 785 F.2d at 138).

[73] *Id.*

[74] *Id.* (quoting *Maupin*, 785 F.2d at 138). ("A state procedural rule is an independent ground when it does not rely on federal law.") (citing *Coleman v. Thompson*, 501 U.S. 722, 732).

[75] *Id.* (citation omitted).

[76] *Id.* (quoting *Coleman*, 501 U.S. at 750).

[77] *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

at trial "worked to [his or her] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions."[78]

Additionally, "a credible showing of actual innocense" may also excuse an otherwise defaulted claim, and effectively allow a petitioner to seek review.[79]

Notwithstanding these elements, the Supreme Court has held that a federal habeas court need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[80]

## 3.  *Noncognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[81] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[82] In such circumstances, a claim for federal habeas

---

[78] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

[79] *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013); *see Schulp v. Delo*, 513 U.S. 298, 324 (1995) (explaining that a "credible" claim requires "new reliable evidence" and factual innocence beyond legal insufficiency).

[80] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1077 (6th Cir. 2015) ("[O]n occasion [the Sixth Circuit] has reached beyond the procedural-default analysis to address the underlying claim on the merits when it presents a more straightforward ground for decision.") (citation omitted).

[81] 28 U.S.C. § 2254(a).

[82] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[83]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[84] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[85] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[86]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[87] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[88] and may not second-guess a state court's interpretation of its own procedural rules.[89] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[90] the Sixth Circuit has recognized that "'[e]rrors

---

[83] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[84] *Estelle*, 502 U.S. at 67-68.

[85] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[86] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[87] *Id.*

[88] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[89] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[90] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

-17-

that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[91]

## C.  Application of standards

### 1.  *Ground One - Double Jeopardy - should be dismissed in part as procedurally defaulted, and denied as to the balance of the claim.*

In Ground One Mannarino argues that the trial court improperly subjected him to double jeopardy when it required that the sentences for counts 11, 17 and 26 be served consecutively to one another, but concurrently with the sentences for the other counts. Mannarino contends that because in Ohio law these counts are "likely" allied offenses of similar import, the consecutive sentences amount to multiple punishments for the same offense.[92]

To that end, Mannarino appears to first request an evidentiary hearing to determine if the photographs related to these counts actually depict different images,[93] and further argues that any failure his failure to explicitly raise the Double Jeopardy issue with respect to count 17 in the Ohio courts - which the State has here raised as a procedural default - should be excused because his trial counsel was ineffective.[94] He ultimately seems to assert that an evidentiary hearing could establish that these photos depicted the same act, and thus

---

[91] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[92] ECF # 15 at 5.

[93] *Id*. at 6.

[94] *Id*. at 5-6.

establish a factual predicate for finding that these counts were allied offenses. Because the claimed reason for a hearing is bound together with the essence of this claim, I must address the entirety of this issue in a single analysis.

Mannarino is represented here by counsel. There is no basis for affording his pleadings the lenient treatment given to filings of *pro se* petitioners.[95] In particular, Mannarino made no request for an evidentiary hearing in the petition itself, nor by a separate motion to that effect. Rather, the idea of an evidentiary hearing is first introduced in the body of his reply brief.[96] As is well-established, the reply brief is not a suitable place to introduce new matters, and the federal habeas court may properly ignore new issues raised in this manner.[97]

Moreover, even if such a late-asserted motion were to be considered here, Mannarino has not presented reasons why an evidentiary hearing should be conducted in this case, beyond his mere assertion that he should "receive the benefit of the doubt" as to what a fishing expedition into the contents of the photos at issue might turn up.[98]

In *Cullen v. Pinholster* the United States Supreme Court re-emphasized that federal habeas courts are limited to the factual record before the state court that adjudicated the claim

---

[95] *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).

[96] ECF # 15 at 6, 11.

[97] *Burns v. Laffer*, 328 F. Supp.2d 711, 724 (E.D. Mich. 2004), *see Murphy v. Ohio*, 551 F.3d 485, 502 (6th Cir. 2009).

[98] ECF # 15 at 6.

on the merits.[99] Where the state court record itself precludes the granting of habeas relief, a federal habeas court need not conduct an evidentiary hearing.[100]

Here, the record shows that the Ohio appeals court decision noted that each count of the indictments related to a "distinct and separate image or video of child sexual abuse."[101] Further, the same opinion also noted that each of these three images appeared in three different groups of computer files.[102] Moreover, Mannarino himself specifically stipulated in his plea agreement that all the offenses to which he was pleading guilty were not allied offenses.[103]

Finally, the Ohio appellate court explicitly noted that the allegations in Counts 11 and 26 go to two distinctly different offenses in the Ohio Revised Code. Count 11 arises from a violation of Revised Code Section 2907.322(A)(2), which proscribes advertising, selling, distributing, transporting, disseminating, exhibiting or displaying child pornography, and which applies to the files actively shared on the file sharing network.[104] Count 26 deals with violations of Revised Code Section 2907.322(A)(1), which prohibits the creation, recording,

---

[99] *Cullen v. Pinholster,* 563 U.S. 170, 181 (2011).

[100] *Id.* at 183 (citation omitted).

[101] ECF # 7, Attachment 2 at 251; *see also* at 250.

[102] *Id.* The image addressed in Count 11 was shared over a file sharing network; the image in Count 17 was in files sent to a co-defendant; and the image in Count 26 was retained in Mannarino's computer.

[103] *Id.* at 243-44.

[104] *Id.* at 259.

photographing, filming, developing, reproducing or publishing prescribed images, and which applies to the file saved on Mannarino's computer.[105]

The court concluded, therefore that because Ohio law states that each file or image is a "new and distinct crime," and the facts in this case are that each charge of the indictment was supported by a separate and distinct image or video, "there is no question in this case that the pandering child pornography offenses that Mannarino was convicted of are not allied offenses of similar import."[106]

The record here is fully sufficient and developed to adjudicate Mannarino's claims, and so no federal evidentiary hearing should be conducted. The Ohio court's finding that Counts 11 and 26 are not allied offenses of similar import but arise from two distinct portions of the statute and violations of each part may be punished separately is a sufficient foundation for denying the cognizable federal Double Jeopardy claim here.  As the Sixth Circuit has noted, once a state court has determined that cumulative punishments are authorized by the legislature in the matter under review, "a federal court must defer to that determination."[107] The decision of the Ohio court in denying this claim is not contrary to clearly established federal law of *Missouri v. Hunter*.[108]

---

[105] *Id.*

[106] *Id.* at 260. Given that the court here specifically found that subsections one and two are not allied offenses, Mannarino's argument that subsections one and five are allied offenses is not apposite. *See*, ECF # 15 at 6.

[107] *Volpe v. Trim*, 708 F.3d 688, 697 (6th Cir. 2013)(citation omitted).

[108] *Missouri v. Hunter,* 459 U.S. 359, 367-68 (1983).

Finally, the portion of Ground One pertaining to Count 17 should be dismissed as procedurally defaulted. Mannarino's excuse for the default - that his *trial* counsel was ineffective - misses the point.[109] The default was created by Mannarino's *appellate* counsel, who listed only counts 11 and 26 in his argument to the Ohio appeals court as allied offenses of similar import that subjected Mannarino to double jeopardy.[110] While ineffective assistance of appellate counsel may support cause for excusing a procedural default arising from the failure to assert a claim to the state appeals court, that ineffective assistance claim itself must first have been fully exhausted in the state court before it can serve as a reason to excuse any default.[111] Mannarino has not raised any claim of ineffective assistance of appellate counsel with the Ohio courts, and so has no basis to excuse his counsel's failure to present any claim related to count 17 to the Ohio court.

Accordingly, Ground One should be dismissed in part and denied in part.

**2.     *Ground Three - excessive sentence - should be dismissed as procedurally defaulted.***

Mannarino argues in Ground Three that his 15 year sentence is excessive and disproportionate to the sentences given similarly situated offenders.[112] The State, in response, notes that such a claim was twice defaulted in the state court: first, when Mannarino made

---

[109] ECF # 15 at 5.

[110] *See*, ECF # 7, Attachment 2 at 135.

[111] *Edwards v. Carpenter,* 529 U.S. 446, 451-53 (2000).

[112] ECF # 15 at 10.

-22-

no contemporaneous objection to the sentence at trial, and then when he failed to present his argument concerning the sentence to the Ohio courts in federal constitutional terms.[113]

Fair presentment requires that a federal habeas petitioner present the "same claim on the same theory" to the federal court as was presented to the state court.[114] It specifically requires that the state court be fairly appraised that the claim presents a federal constitutional issue, and not simply a question of state law.[115] Although the Sixth Circuit has recognized different ways a petitioner may alert the state court to the presence of a federal constitutional claim,[116] if the state court was not fairly appraised of a federal constitutional claim, and there is no further remedy available for correcting that defect, the claim will be deemed procedurally defaulted by the federal habeas court.[117]

In this case, Mannarino told both the Ohio appeals court and the Supreme Court of Ohio that his claim of an excessive sentence was exclusively grounded in an asserted violation of Ohio statute, he did not frame the claim in any way as a constitutional violation. Mannarino argued to the Ohio courts that, contrary to the mandate of Ohio Revised Code Section 2929.11(B), his sentence was inconsistent with the sentence imposed for similar

---

[113] ECF # 10 at 12-16.

[114] *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987).

[115] *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001).

[116] *Whiting v. Burt*, 395 F.3d 602, 613 (6th Cir. 2005)(citation omitted).

[117] *McMeans v. Brigano,* 228 F.3d 674, 680-82 (6th Cir. 2000).

crimes committed by similar offenders.[118] In making this claim as a violation of Ohio statutory law, Mannarino did not cite to any case law referring to clearly established federal constitutional law concerning sentencing, or to any Ohio cases relying on federal principles. Nor did his analysis incorporate concepts from federal constitutional law into his assertions that his sentence was specifically contrary to the requirements of the Ohio statute. In short, there was nothing in either his brief to the Ohio appeals court or in the brief presented to the Supreme Court of Ohio to alert either court that they were adjudicating a federal constitutional claim, not simply a state law claim arising under the Ohio statute.

Thus, in much the same way as the petitioner acted in *McLemore v. Berghuis*,[119] Mannarino failed to fairly present the claim asserted here as Ground Three to any Ohio court as a federal constitutional issue. Because under Ohio's *res judicata* rule[120] Mannarino may not now go back to reframe this claim for another round of state appeals, he has procedurally defaulted the claim in this Court.[121] Mannarino has not alleged any cause for this default nor asserted any basis for establishing actual innocence.

---

[118] ECF # 7, Attach. 2 at 183, 282.

[119] *McLemore v. Berhuis,* 2006 WL 2818799, at *24 (W.D. Mic. Oct. 2, 2006).

[120] Ohio's *res judicata* rule holds that a defendant may not raise a claim in a post-conviction petition that could have been raised at trial or on direct appeal. *See*, *Hanna v. Ishee*, 694 F.3d 596, 614 (6th Cir. 2012) (citations omitted).

[121] Ohio's *res judicata* rule is recognized as an adequate and independent state law ground for supporting a procedural default in the federal habeas court. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007).

Ground Three should be dismissed as procedurally defaulted.[122]

3.    *Ground Two - ineffective assistance of trial counsel - should be denied on the merits after AEDPA review because the decision of the Ohio appeals court on this issue was not an unreasonable application of the clearly established federal law of Strickland v. Washington.*

Mannarino maintains in Ground Two that his trial counsel was ineffective for advising Mannarino to stipulate that all offenses to which he pled guilty were not allied offenses of similar import and for failing to advise him of the consequences of such a stipulation.

In this case, the Ohio appeals court began its analysis of this claim by clearly citing to *Strickland* as the controlling law in claims of ineffective assistance, and then setting forth the two-prong test contained in *Strickland* for determining if ineffective assistance occurred.[123] The court then correctly observed that the failure to prove either the performance or prejudice prong of the *Strickland* test "is fatal to a claim of ineffective assistance."[124]

The court thereupon restated its finding that the offenses to which Mannarino pleaded guilty were not allied offenses of similar import.[125] As has already been discussed, this finding is a conclusion of the Ohio court as to Ohio law and, therefore, must be accepted by

---

[122] As the State notes, Mannarino has also defaulted this claim by failing to make a contemporaneous objection at trial to his sentence. ECF # 10 13-14. That failure was recognized by the state appeals court which then proceeded to undertake only a plain error review. *Id*. at 14 (citing opinion). Because the above-stated reasons are sufficient to establish the procedural default on this ground for relief, I do not further address the claimed default arising from the lack of a contemporaneous objection at trial.

[123] ECF # 7, Attachment 2 at 266 (citation omitted).

[124] *Id*. (citations omitted).

[125] *Id*.

-25-

the federal habeas court. Thus, the Ohio appeals court reasoned, employing the *Strickland* analysis, because the offenses were not allied offenses of similar import, Mannarino's trial counsel's performance cannot be deficient in advising Mannarino to accept the plea deal and, by extension, to make the stipulation as part of that deal.[126]

In considering this decision under the AEDPA standard, the Ohio appeals court's adjudication of this claim was not an unreasonable application of *Strickland*, and, therefore, this ground for relief should be denied.

### Conclusion

For the reasons stated above, I recommend that the petition of Christopher Mannarino for a writ of habeas corpus should be dismissed in part and denied in part as is more fully set forth above.

Dated: February 24, 2016                         s/William H. Baughman, Jr.
                                                 United States Magistrate Judge

### Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[127]

---

[126] *Id.*

[127] *See Thomas v. Arn*, 474 U.S. 140 (1985); *see*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

-26-