UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MANNARINO, | ) | CASE NO. 1: 15-CV-117 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| | ) | |
| BENNIE KELLY, Warden, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Baughman. (ECF #16.) The Report and Recommendation, submitted on March 14, 2016, is hereby ADOPTED by this Court. Petitioner's objections, (ECF #18), filed on April 26, 2016, are OVERRULED. As such, Petitioner's 28 U.S.C. § 2254 habeas corpus petition is DISMISSED IN PART and DENIED IN PART.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b). The text of rule 72(b) addresses only the review of portions of reports to which timely objections have been made; it does not indicate the appropriate standard of review for portions of the report to which no objections have properly been made. The Advisory

Committee on Civil Rules commented on the standard of review stating "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citations omitted).

## Discussion

The Court has reviewed *de novo* those portions of the Report and Recommendation to which objections have been made. *See* FED. R. CIV. P. 72(b). The Court finds Magistrate Judge Baughman's Report and Recommendation to be thorough, well-written, well-supported, and correct. The court finds the Petitioner's objections raise no arguments (factual or legal) that have not been fully addressed by the Magistrate's Report and Recommendation.

In his Report and Recommendation, Magistrate Judge Baughman found that certain of Petitioner's claims are procedurally defaulted, and that the remainder lacked merit. Therefore, he recommended that the petition be dismissed in part and denied in part.

Petitioner's federal habeas petition sets forth three grounds for relief. In Ground One, Petitioner alleges that the trial court improperly subjected him to double jeopardy when it required that the sentences for Counts 11, 17, and 26 be served consecutively to one another, but concurrently with the sentences for the other counts because these counts were likely allied offenses of similar import. Petitioner requests an evidentiary hearing to determine if the photographs related to those counts actually depict different images in order to prevail on the merits of this claim.

Petitioner is not entitled to an evidentiary hearing in this case. Petitioner made no request for an evidentiary hearing in his petition or by a separate motion. Rather, Petitioner's request for

an evidentiary hearing was not introduced until his reply brief, which is too late to assert new matters. *See Murphy v. Ohio*, 551 F.3d 485, 502 (6th Cir. 2009).

Even if Petitioner's late request were considered, Petitioner has not presented a legitimate reason why an evidentiary hearing should be conducted in this case. Federal habeas courts are limited to the factual record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The record in this case shows that Counts 11, 17, and 26 are not allied offenses. First, as the Ohio appeals court noted, the record shows that each count of the indictment relates to a "distinct and separate image or video of child sexual abuse." (ECF #7-2 at 251.) The court concluded that, because under Ohio law each file or image is a "new and distinct crime," and in this case each charge of the indictment was supported by a distinct image or video, "there is no question in this case that the . . . offenses that Mannarino was convicted of are not allied offenses of similar import." (ECF #7-2 at 260.) Additionally, Petitioner specifically stipulated in his plea agreement that all the offenses to which he was pleading guilty were not allied offenses. (ECF #7 at 243-44.)

The existing record is fully developed and sufficient to adjudicate Petitioner's claims. Therefore, a federal evidentiary hearing is unnecessary and inappropriate in this case. *See Cullen*, 563 U.S. at 183(noting that where the state court record precludes granting habeas relief to the Petitioner, a federal habeas court need not conduct an evidentiary hearing).

Additionally, the Ohio court's finding that Counts 11 and 26 are not allied offenses of similar import because they arise from two distinct portions of the statute and that violations of each part of the statute may be punished separately is sufficient foundation for denying Petitioner's double jeopardy claim. The Sixth Circuit has stated that a federal court must defer to

3

such a determination. *Volpe v. Trim*, 708 F.3d 688, 697 (6th Cir. 2013). Accordingly, this portion of Ground One is denied.

Lastly, the portion of Ground One pertaining to Count 17 is dismissed as procedurally defaulted. In this claim, Petitioner asserts that any failure to raise the issue of double jeopardy with respect to Count 17 should be excused because his *trial* counsel was ineffective. However, this default was created by Petitioner's *appellate* counsel, not by Petitioner's *trial* Counsel. Petitioner has not raised any claim of ineffective assistance of appellate counsel in the Ohio courts and, as such, this claim is procedurally defaulted. Petitioner has no basis to excuse counsel's failure to present any claim related to Count 17 to the Ohio courts. Accordingly, Ground One is dismissed in part and denied in part.

As explained in the Report and Recommendation, Ground Three is procedurally defaulted. In this Ground, Petitioner alleges that his 15 year sentence is excessive and disproportionate to the sentences given to similarly situated offenders. However, Petitioner failed to present this argument to the Ohio courts in federal constitutional terms. The Sixth Circuit has noted that if a state court was not fairly appraised of a federal constitutional claim and there is no further remedy available for correcting that defect, the claim will be deemed procedurally defaulted by the federal habeas court. *McMeans v. Brigano*, 228 F.3d 674, 680-82 (6th Cir. 2000). Here, Petitioner framed his claim exclusively as an excessive sentence in violation of Ohio Revised Code Section 2929.11(B). Nothing in either his brief to the Ohio appeals court or in his brief to the Supreme Court of Ohio alerted either court that they were adjudicating a federal constitutional claim. Accordingly, Petitioner has procedurally defaulted this claim in this court, and under Ohio's *res judicata* rules, cannot go back to the state court to reframe this claim

as a federal constitutional violation for another round of state appeals. Accordingly, this claim is dismissed.[1]

The Report and Recommendation addressed Ground Two on the merits and correctly found that this Ground should be denied. The decision of the Ohio appeals court on this issue was not an unreasonable application of the clearly established federal law of *Strickland v. Washington*. The Ohio appellate court's finding that the offenses to which Petitioner pled guilty were not allied offenses of similar import is a conclusion of the Ohio court as to Ohio law, and under AEDPA review, must be accepted by this Court.

Since the offenses were not allied offenses of similar import, Petitioner's trial counsel cannot have been deficient in advising him to accept the plea deal and to make a stipulation as a part of that deal. Since Petitioner's counsel was not deficient, Petitioner is unable to meet performance prong of the *Strickland* test. The Ohio appeals court correctly stated that failure to prove either the performance or the prejudice prong of the Strickland test "is fatal to a claim of ineffective assistance." (ECF #7-2 at 266.) As such, the Ohio appellate court did not unreasonably apply the standard for ineffective assistance of counsel as set forth in *Strickland*, and this ground for relief is denied.

Petitioner raises only one objection to the Report and Recommendation. (ECF #18.) This Objection relates to the Magistrate Judge's recommendation that the Court deny Petitioner's Ground Two on the merits. (ECF #18 at 1.)

---

[1] Magistrate Judge Baughman noted, that as the State points out, Petitioner also defaulted this claim by failing to make a contemporaneous objection to the sentence at trial. (ECF #16.) However, because the reasons stated above are sufficient to establish the procedural default of this ground, the court will not address the default arising from the lack of a contemporaneous objection at trial any further.

Petitioner alleges that this matter should be remanded to the Magistrate to conduct an evidentiary hearing, because it would allow him to establish the merits of his claim of ineffective assistance of counsel. (ECF #18 at 2.) As previously stated, an evidentiary hearing is not warranted in this case. First, Petitioner did not timely request an evidentiary hearing. Second, even if Petitioner had properly requested an evidentiary hearing, the state court record precluded the granting of habeas relief, and as such, the Court need not conduct an evidentiary hearing. *See Cullen*, 563 U.S. at 183.

Additionally, as explained in the Report and Recommendation, Petitioner cannot establish that his counsel was ineffective for encouraging him to accept the guilty plea. Once a state court has determined that offenses arising out of different sub-sections of Ohio Revised Code § 2907.322 are not allied offenses of similar import and that cumulative punishments are authorized by the legislature "a federal court must defer to that determination." *See Volpe*, 708 F.3d at 697. Because the offenses were not allied offenses of similar import, Petitioner's counsel could not have been deficient in advising him to accept the plea deal. As such, Petitioner cannot establish the performance prong of the *Strickland* test. *See Strickland*, 466 U.S. at 687. The state court did not unreasonably apply *Strickland* when it found that Petitioner could not establish this prong and therefore could not succeed on a claim of ineffective assistance of counsel. Accordingly, Petitioner's objection is without merit and is overruled.

## Conclusion

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Baughman, (ECF #16), is hereby ADOPTED. Petitioner's Objections (ECF #18), are

OVERRULED. Accordingly, Petitioner's 28 U.S.C. §2254 federal habeas corpus petition DISMISSED IN PART and DENIED IN PART.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims for which Petitioner has requested one. 28 U.S.C. § 2253 provides, in part, as follows:

> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) The final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c)(1)-(3). In order to make a substantial showing of the denial of a constitutional right, as required under 28 U.S. C. § 2253 (c)(2), Petitioner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 883 n. 4 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.*

7

"where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the Petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Further to the extent that Petitioner's claims were also rejected on the merits, reasonable jurists could not find the assessment of Petitioner's constitutional claims to be debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: July 19, 2016

8